**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| **KIN WAH KUNG,**<br><br>             **Plaintiff,**<br><br>      vs.<br><br>**EDMUND G. BROWN, in his official capacity as Governor of the State of California, and TANI G. CANTIL-SAKAUYE, in her official capacity as Chief Justice of the State of California and Chair of Judicial Council of the State of California,**<br><br>             **Defendants.** | **Case No.: 12-CV-00645 YGR**<br><br>**ORDER DENYING MOTION OF DEFENDANTS TO DISMISS COMPLAINT** |

Plaintiff Kin Wah Kung ("Kung" or "Plaintiff") brings this civil rights action against the Governor and Chief Justice of the State of California alleging that a traffic fine he received violates the excessive bail and fines clauses of the Eighth Amendment to the United States Constitution. Plaintiff's First Amended Complaint ("FAC") alleges one claim for violation of the Eighth Amendment pursuant to 42 U.S.C. § 1983 seeking a declaration that California's Uniform Bail and Penalty Schedules for Vehicle Code violations is unconstitutional.

Defendants have filed a motion to dismiss on the sole basis that the *Rooker-Feldman* doctrine bars the district courts from exercising subject-matter jurisdiction to review final state court judgments. On this basis, Defendants argue that the Amended Complaint should be dismissed either for lack of jurisdiction or for failure to state a claim.

Having carefully considered the papers submitted and the Amended Complaint, for the reasons set forth below, the Court hereby **DENIES** the Motion to Dismiss.[1]  Kung is challenging the constitutionality of California's Uniform Bail and Penalty Schedules and is not seeking appellate

---

[1] Pursuant to Federal Rule of Civil Procedure 78(b) and Civil Local Rule 7-1(b), the Court finds this motion appropriate for decision without oral argument. Accordingly, the Court **VACATES** the hearing set for May 7, 2013.

review of the state court judgment in which his conviction was reversed. Therefore, the *Rooker-Feldman* doctrine does not preclude this Court from exercising subject-matter jurisdiction over his Eighth Amendment claim.

I.  **BACKGROUND**

In 2010, Plaintiff Kin Wah Kung was convicted of violating California Vehicle Code § 21453 by failing to stop at a red light. Kung entered a not guilty plea and posted bail in the amount of $446. (FAC ¶ 10.) The $446 he posted as bail was applied to satisfy the fine imposed after his conviction. (*Id.* ¶ 11.) In addition, Kung was assessed a $54 fee to attend traffic violator school. (*Id.*)

Kung successfully had his conviction reversed on appeal. On June 1, 2011, after having initially affirmed the Superior Court judgment, on rehearing the Appellate Division of the Superior Court reversed his conviction. (*Id.* ¶ 24.) On January 12, 2012, Kung was refunded the fine imposed for his conviction. (*Id.* ¶ 23.)

Although Kung prevailed in the state court action—his conviction was reversed—the state courts did not consider Kung's constitutional challenge to California's Uniform Bail and Penalty Schedules.[2] He brings this action to declare pertinent portions of California's Uniform Bail and Penalty Schedules unconstitutional. In response, Defendants submitted a four-page brief contending that this lawsuit presents an improper appeal of a state court judgment over which this Court lacks subject-matter jurisdiction.

II.  **LEGAL STANDARD**

Federal courts are courts of limited jurisdiction, possessing the power to adjudicate only those cases that the Constitution or Congress authorize them to adjudicate. *See Bender v. Williamsport*

---

[2] Kung alleges in his Amended Complaint that he attempted to challenge the constitutionality of California's Uniform Bail and Penalty Schedules for Vehicle Code violations but that "California courts failed to react." (*See generally, id.* ¶¶ 11-22, 24 ("During the appeal process, Plaintiff contended, *inter alia*, that the Schedule for infraction violations of the Vehicle Code was in violation of the Eighth Amendment by imposing grossly disproportional fine to the gravity of Plaintiff's offense."). Kung filed two Applications to Certify his Case for Transfer to the California Court of Appeal, a Petition for Transfer to the California Court of Appeal for a review of the Appellate Division decision, a Petition for Writ of Mandate in the California Court of Appeal for the denial of transfer, and a Petition for Review in the California Supreme Court. (*Id.*) All Petitions were denied. (*Id.*) None of these references the Eighth Amendment claim.

*Area Sch. Dist.*, 475 U.S. 534, 541 (1986).  Pursuant to 28 U.S.C. § 1331, Congress has vested federal district courts with the power to exercise original, not appellate, jurisdiction over civil actions arising under the Constitution.  *See Exxon Mobil Corp. v. Saudi Basic Industries Corp.*, 544 U.S. 280, 284 (2005).  Appellate jurisdiction over state court judgments is vested exclusively in the United States Supreme Court pursuant to 28 U.S.C. § 1257.  *Id*. at 283.

The *Rooker-Feldman* doctrine "precludes a United States district court from exercising subject-matter jurisdiction in an action it would otherwise be empowered to adjudicate under a congressional grant of authority" if the lawsuit presents a *de facto* appeal of a state court judgment.  *Id*. at 291.  Determining whether the *Rooker-Feldman* doctrine applies requires a district court first determine "whether the action contains a forbidden *de facto* appeal of a state court decision."  *Bell v. City of Boise*, 709 F.3d 890, 897 (9th Cir. 2013) (citing *Noel v. Hall*, 341 F.3d 1148, 1158 (9th Cir. 2003)).  A *de facto* appeal exists where a plaintiff both asserts as his injury an allegedly erroneous decision by a state court, and seeks as his remedy relief from that decision.  *Noel*, *supra*, 341 F.3d at 1164; *Kougasian v. TMSL, Inc.*, 359 F.3d 1136, 1140 (9th Cir. 2004) ("*Rooker-Feldman* thus applies only when the federal plaintiff both asserts as her injury legal error or errors by the state court and seeks as her remedy relief from the state court judgment.").  If the action presents a forbidden *de facto* appeal, then the plaintiff is prohibited in that action from litigating claims "inextricably intertwined" with the issues presented in the *de facto* appeal.  *Id.* at 1142.  Claims are "inextricably intertwined" with the state court's decision if "'the relief requested in the federal action would effectively reverse the state court decision or void its ruling.'"  *Cooper v. Ramos*, 704 F.3d 772, 779 (9th Cir. 2012) (quoting *Fontana Empire Ctr., LLC v. City of Fontana*, 307 F.3d 987, 992 (9th Cir. 2002)).

Application of the *Rooker-Feldman* doctrine is confined to those "cases brought by state-court losers … inviting district court review and rejection of [the state court's] judgments."  *Exxon*, *supra*, 544 U.S. at 284.[3]  If the case does not present a forbidden *de facto* appeal, then *Rooker-Feldman* does

---

[3] Outside of the two cases from which the doctrine derives its name, *Rooker v. Fidelity Trust Co.*, 263 U.S. 413 (1923) and *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462 (1983), the Supreme Court has never applied the doctrine to hold that a federal district court lacks subject-matter jurisdiction.  *See Skinner v. Switzer*, 131 S. Ct. 1289, 1297 (2011); *Exxon*, *supra*, 544 U.S. at 291

not preclude a plaintiff from bringing an "independent claim" that, though similar or even identical to issues raised in state court, was not the subject of a previous judgment by the state court. *Cooper*, *supra*, 704 F.3d at 778 (citing *Skinner*, *supra*, 131 S. Ct. at 1297); *see Kougasian*, *supra*, 359 F.3d at 1143 ("Because she is not bringing a forbidden *de facto* appeal, there are no issues with which the issues in her federal claims are 'inextricably intertwined' within the meaning of *Rooker-Feldman*."). *Rooker-Feldman* also does not prohibit a plaintiff from presenting a generally applicable legal challenge to a state statute in federal court, even if the statute has previously been applied against him in a state court litigation. *Mothershed v. Justices*, 410 F.3d 602, 606 (9th Cir. 2005); *see Wolfe v. Strankman*, 392 F.3d 358, 364 (9th Cir. 2004) (plaintiff's reference to prior judicial actions taken against him pursuant to the statute not *de facto* appeal, but rather attempt to demonstrate that plaintiff has standing to present constitutional challenge to the statute).

## III.  DISCUSSION

Defendants argue that Kung's entire amended complaint "rests upon, and is inextricably intertwined with, the State court proceedings." (Motion at 3.) According to Defendants, Plaintiff "lost his bid to have California courts declare California's Uniform Bail and Penalty Schedules unconstitutional." (*Id.* at 4.) Defendants further argue that "Plaintiff affirmatively raised the constitutional issue below that he seeks to have this court now adjudicate. Plaintiff cannot seek this court's review to collaterally attack an issue he raised below." (*Id.*)

Defendants have not persuaded the Court that Kung's Eighth Amendment claim is a forbidden *de facto* appeal. Kung is the state-court winner. This lawsuit presents a general challenge to the constitutionality of California's Uniform Bail and Penalty Schedules and is not being brought to undo the state court judgment in Kung's favor. *Skinner*, *supra*, 131 S. Ct. at 1298. Although Kung raised this constitutional issue in the state court proceedings, he is not challenging an adverse state court decision; instead he targets as unconstitutional California's Uniform Bail and Penalty Schedules. *Id.* ("Skinner does not challenge adverse [state court] decisions themselves; instead he targets as unconstitutional the Texas statute they authoritatively construed. … [A] state-court

---

(emphasizing the *Rooker-Feldman* doctrine had been construed by some federal courts "to extend far beyond the contours of the *Rooker* and *Feldman* cases.").

1  decision is not reviewable by lower federal courts, but a statute or rule governing the decision may be
2  challenged in a federal action.").
3  Based on the foregoing analysis, the *Rooker-Feldman* doctrine does not preclude the Court
4  from exercising subject-matter jurisdiction.

**IV.   CONCLUSION**

For the reasons set forth above, Defendants' Motion to Dismiss is **DENIED**.

Defendants shall answer the Amended Complaint within 14 days of the date this Order is filed.

This terminates Docket Number 26.

**IT IS SO ORDERED**.

**Date: May 3, 2013**

_____
**YVONNE GONZALEZ ROGERS**
**UNITED STATES DISTRICT COURT JUDGE**