**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| **KIN WAH KUNG,**<br><br>       **Plaintiff,**<br><br>vs.<br><br>**EDMUND G. BROWN,** *et al.*,<br><br>       **Defendants.** | **Case No.: 12-CV-00645 YGR**<br><br>**ORDER TO SHOW CAUSE** |

**THE COURT HEREBY ISSUES THIS ORDER TO SHOW CAUSE TO PLAINTIFF, AS SET FORTH HEREIN:**

Federal courts, including this Court, "have an independent obligation to determine whether subject-matter jurisdiction exists, even in the absence of a challenge from any party." *Arbaugh v. Y&H Corp.*, 546 U.S. 500, 514 (2006). Accordingly, "federal courts are required sua sponte to examine jurisdictional issues such as standing." *B.C. v. Plumas Unified Sch. Dist.*, 192 F.3d 1260, 1264 (9th Cir. 1999). In keeping with that obligation, the Court hereby **ORDERS** *pro se* Plaintiff Kin Wah Kung to show cause why his lawsuit should not be dismissed for lack of standing.

Kung "must demonstrate three elements which constitute the 'irreducible constitutional minimum' of Article III standing." *San Diego Cnty. Gun Rights Comm. v. Reno*, 98 F.3d 1121, 1126 (9th Cir. 1996) (quoting *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560 (1992)). First, Kung "must have suffered an 'injury-in-fact' to a legally protected interest that is both 'concrete

and particularized' and 'actual or imminent,' as opposed to '"conjectural"' or '"hypothetical."' Second, there must be a causal connection between [Kung's] injury and the conduct complained of. Third, it must be 'likely'—not merely 'speculative'—that [Kung's] injury will be 'redressed by a favorable decision.'" *Id.* (quoting *Lujan*, 504 U.S. at 560-61). In addition to these three requirements, because Kung seeks only declaratory and injunctive relief "there is a further requirement that [he] show a very significant possibility of future harm; it is insufficient for [him] to demonstrate only a past injury." *Id.* (citing *Bras v. California Pub. Util. Comm'n*, 59 F.3d 869, 873 (9th Cir. 1995)).

Here, it is not apparent that Kung has suffered an injury or that, if he did, the Court could redress it. In support of Kung's claim that California's system of traffic fines violates the Eighth Amendment, Kung alleges that he received a traffic ticket issued pursuant to that system. However, Kung also alleges that he appealed the ticket and won his appeal. (Dkt. No. 16 ¶¶ 9-15.) Kung specifically alleges that the state refunded the amount of his original traffic ticket. (*Id.* ¶ 23.) In light of Kung's victory on appeal, it is not apparent that he has suffered a cognizable injury. If he did, it is not apparent that the Court could redress his injury in light of the refund he already received. Finally, it is not apparent that Kung has identified "a very significant possibility of future harm" that could support his prayer for declaratory and injunctive relief from California's traffic fine regime.

Kung shall file a written response to this Order to Show Cause no later than **Wednesday, November 13, 2013**. Kung's response shall not exceed 8 pages.[1] Defendants shall file a response of no more than 5 pages, no later than **Wednesday, November 20, 2013**. The matter shall be submitted on the papers. No replies are permitted.

**IT IS SO ORDERED**.

Date: October 22, 2013

**YVONNE GONZALEZ ROGERS**
**UNITED STATES DISTRICT COURT JUDGE**

---

[1] Normally the Court would allot only one week and five pages for such a response, but in deference to Kung's *pro se* status it eases those limits here.