1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

United States District Court
Northern District of California

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

KIN WAH KUNG,

      **Plaintiff,**

      vs.

EDMUND G. BROWN, *et al.*,

      **Defendants.**

Case No.: 12-CV-00645 YGR

**ORDER TO SHOW CAUSE**

      **THE COURT HEREBY ISSUES THIS ORDER TO SHOW CAUSE TO PLAINTIFF, AS SET FORTH HEREIN:**

      Federal courts, including this Court, "have an independent obligation to determine whether subject-matter jurisdiction exists, even in the absence of a challenge from any party." *Arbaugh v. Y&H Corp.*, 546 U.S. 500, 514 (2006). Accordingly, "federal courts are required sua sponte to examine jurisdictional issues such as standing." *B.C. v. Plumas Unified Sch. Dist.*, 192 F.3d 1260, 1264 (9th Cir. 1999). In keeping with that obligation, the Court hereby **ORDERS** *pro se* Plaintiff Kin Wah Kung to show cause why his lawsuit should not be dismissed for lack of standing.

      Kung "must demonstrate three elements which constitute the 'irreducible constitutional minimum' of Article III standing." *San Diego Cnty. Gun Rights Comm. v. Reno*, 98 F.3d 1121, 1126 (9th Cir. 1996) (quoting *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560 (1992)). First, Kung "must have suffered an 'injury-in-fact' to a legally protected interest that is both 'concrete

United States District Court
Northern District of California

1  and particularized' and 'actual or imminent,' as opposed to '"conjectural"' or '"hypothetical."'

2  Second, there must be a causal connection between [Kung's] injury and the conduct complained of.

3  Third, it must be 'likely'—not merely 'speculative'—that [Kung's] injury will be 'redressed by a

4  favorable decision.'" *Id.* (quoting *Lujan*, 504 U.S. at 560-61).  In addition to these three

5  requirements, because Kung seeks only declaratory and injunctive relief "there is a further

6  requirement that [he] show a very significant possibility of future harm; it is insufficient for [him]

7  to demonstrate only a past injury." *Id.* (citing *Bras v. California Pub. Util. Comm'n*, 59 F.3d 869,

8  873 (9th Cir. 1995)).

9      Here, it is not apparent that Kung has suffered an injury or that, if he did, the Court could

10  redress it.  In support of Kung's claim that California's system of traffic fines violates the Eighth

11  Amendment,  Kung alleges that he received a traffic ticket issued pursuant to that system.

12  However, Kung also alleges that he appealed the ticket and won his appeal.  (Dkt. No. 16 ¶¶ 9-15.)

13  Kung specifically alleges that the state refunded the amount of his original traffic ticket.  (*Id.* ¶ 23.)

14  In light of Kung's victory on appeal, it is not apparent that he has suffered a cognizable injury.  If

15  he did, it is not apparent that the Court could redress his injury in light of the refund he already

16  received.  Finally, it is not apparent that Kung has identified "a very significant possibility of future

17  harm" that could support his prayer for declaratory and injunctive relief from California's traffic

18  fine regime.

19      Kung shall file a written response to this Order to Show Cause no later than **Wednesday,**

20  **November 13, 2013**.  Kung's response shall not exceed 8 pages.[1]  Defendants shall file a response

21  of no more than 5 pages, no later than **Wednesday, November 20, 2013**.  The matter shall be

22  submitted on the papers.  No replies are permitted.

23      **IT IS SO ORDERED**.

25  Date: October 22, 2013

**YVONNE GONZÁLEZ ROGERS**
**UNITED STATES DISTRICT COURT JUDGE**

28  [1] Normally the Court would allot only one week and five pages for such a response, but in deference to Kung's *pro se* status it eases those limits here.

2